■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

BOBBY WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J.), rendered June 4, 1987, convicting defendant after a jury trial, of robbery in the first degree, and sentencing him to a prison term of 3 to 9 years, unanimously affirmed.

On the morning of October 28, 1986, defendant and an accomplice robbed Ramon Alvarez, the owner of a candy store, at knifepoint, taking approximately $57 in cash and a bundle of newspapers. Alvarez called the police on "911" but, in his nervousness, did not say that he had been robbed or state that the defendant had a knife. Before the police arrived, the defendant and his accomplice returned to the scene, threatened Alvarez, and then the two men entered a nearby restaurant. The two assailants were brought out of the restaurant by the police, where they were identified by Alvarez. Defendant was specifically identified as the man who had wielded the knife. A $20 bill and two $1 bills were observed at that time on the ground near the defendant's feet.

At trial, while Alvarez was not able to identify the defendant with "100%" certainty, he was certain that the men he identified outside the restaurant were the ones who had robbed him just minutes before. It is undisputed that defendant was one of those men.

Defendant relies upon Alvarez' uncertain identification at trial, the fact that the knife, newspapers and all the money were not recovered, and several minor discrepancies in Alvarez' testimony to support his argument that the evidence was insufficient to support a verdict of guilty beyond a reasonable doubt. However, viewing the evidence in the light most favorable to the People *(People v Foster,* 64 NY2d 1144, 1146) and recognizing that credibility is a matter to be determined by the trier of the facts *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find the evidence sufficient in quantity and quality to support the verdict.

Defendant urges that several comments made by the prosecutor during summation were improper and prejudicial, but only one was preserved for appellate review by timely objection or request for curative instruction (CPL 470.05 [2]; *see, People v Dordal,* 55 NY2d 954, 956; *People v Medina,* 53 NY2d 951, 953). The one sentence in the prosecutor's summation which was preserved for our review was not, when read in the context of the prosecutor's summation as a whole, a comment on the fact that defendant did not testify at trial, and we, accordingly, find no error therein. Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.