■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Appellant.—Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered March 12, 1987, after a jury trial, convicting defendant of robbery in the second degree (Penal Law § 160.10 [1]) and grand larceny in the third degree (Penal Law former § 155.30 [5]), for which he was sentenced as a predicate felony offender to concurrent terms of incarceration of 3½ to 7 years and 2½ to 5 years, respectively, unanimously affirmed.

Among the errors claimed by appellant is that the trial court's charge that no unfavorable inference was to be drawn from his failure to testify was "overextensive" and "implied that appellant's failure to testify was a tactical decision rather than the exercise of a constitutional right." Appellant failed to object to the charge on this ground and, therefore, the issue is not preserved for review. *(People v Chin,* 67 NY2d 22, 33-34 [1986]; *People v Lara,* 148 AD2d 340 [1st Dept 1989], *affd* 75 NY2d 836 [1990].) The charge when taken as a whole did communicate the appropriate standard to the jury. *(See, People v Adams,* 69 NY2d 805, 806 [1987].) The more advisable practice for Criminal Term, however, would be simply to give the charge set forth in the Criminal Jury Instructions *(see,* 1 CJI[NY] 7.05, at 273) which tracks the language of CPL 300.10 (2). *(People v Lara, supra.)*

The court's *Sandoval* ruling was not an abuse of discretion. While it would have been preferable for the trial court to have articulated its reasoning with greater elaboration, defendant is not persuasive that the court failed to balance probative value against potential undue prejudice *(People v Williams,* 56 NY2d 236, 239 [1982]). Nor is defendant persuasive that the ruling was in error either as to the number (seven) of the crimes *(see, e.g., People v Torres,* 110 AD2d 794 [2d Dept 1985]) or as to their predominantly larcenous nature *(see, People v Williams, supra).* It is well settled that a defendant cannot shield himself from impeachment on the basis of the very frequency of his offenses, or his tendency to specialize in his criminal endeavors *(see, People v Pavao,* 59 NY2d 282, 292 [1983]; *People v Rahman,* 62 AD2d 968 [1st Dept 1978], *affd* 46 NY2d 882 [1979]).

Defendant's challenges to the prosecutor's summation comments are unpreserved as a matter of law (CPL 470.05 [2]) and

we decline to review them in the interest of justice. Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.