■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MANIGO, Appellant.—Judgment, Supreme Court, New York County (Martin H. Rettinger, J.), rendered on April 21, 1987, convicting defendant of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16), and two counts of criminal possession of a controlled substance in the seventh degree

(Penal Law § 220.03) and sentencing him, as a predicate felony offender, to 4½ to 9 years for each count of criminal sale and criminal possession of a controlled substance in the third degree to run concurrent with one year for each count of criminal possession of a controlled substance in the seventh degree, unanimously affirmed.

The only significant contention raised by defendant on appeal is a challenge to the prosecutor's use of peremptory challenges. Defendant contends that the prosecutor used peremptory challenges to exclude blacks from the jury, in violation of *Batson v Kentucky* (476 US 79). During the first round, the People exercised four preemptory challenges. One of those peremptory challenges went to a young black female, the only black person in the 16-member panel. The prosecutor explained that "she's young, she might identify more likely with the defendant. I also feel that—my feelings for the members of the panel—she might not harmonize with the other jurors coming to a verdict." Counsel did not controvert the explanation or otherwise except on the record, nor did the court further inquire.

During the second round the People exercised three peremptory challenges. Although all three persons thus challenged were blacks, counsel questioned the challenge with respect to only one. With respect to that peremptory challenge the prosecutor explained that she was "an elderly woman who told the court that she is devoted to religious matters, and it is my belief as a prosecutor, that her charity—as an older woman who has seen quite a bit of life—might have her lean toward the defendant and would not judge with a degree of objectivity." Counsel did not challenge this explanation. At the conclusion of the second round, 11 jurors had been selected.

During the third round, counsel noted that two of the People's peremptory challenges were to two black persons. The prosecutor explained that as to one challenge, a Housing Department employee who was also an employee of the New York theatre for young people, "she was challenged because she seemed inordinately unconcerned with the proceeding; she did not answer my questions clearly and in my opinion she would not have made an attentive proper juror in this case." As to the second challenge, the prosecutor noted that the juror did not state what he did in his spare time which, to the prosecutor, indicated that something might not be right. Counsel, again, did not controvert this explanation, nor did the court inquire further.

Defendant has failed to preserve his *Batson* claim *(People v Hockett,* 121 AD2d 878). There is no record on which we can draw conclusions of error, and review in the interest of justice is not warranted. We note that on those few occasions when the prosecutor was called upon to provide an explanation for the peremptory challenge, he provided a racially neutral explanation, such as factors of age, temperament, attention span, etc., which was not further controverted by counsel, nor was a more elaborate explanation called for by the court. On this record, we can conclude only that from counsel's failure to act further, and the court's failure to counter anything put forth by the prosecutor, that there is no basis to conclude that the prosecutor's peremptory challenges were being exercised in a racially discriminatory manner. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.