■ The People of the State of New York, Respondent, v Charlie Lee, Also Known as Charles Lee, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered September 22, 1989, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him to an indeterminate prison term of from 1½ to 4½ years, unanimously affirmed.

The trial court did not violate defendant's right to be present during all material stages of trial *(see, People v Mahmedi,* 69 NY2d 759), where the only matter conducted during defendant's absence from the early stages of a *Sandoval* hearing was a colloquy at which the court informed itself of defendant's undisputed criminal record and made two preliminary rulings in his favor and where defendant was thereafter present and participated at the hearing prior to the court rendering its ruling.

The court's *Sandoval* ruling, which limited the People's inquiry to whether defendant had been convicted of five misdemeanors and whether "some [of the crimes] involved theft of property", constituted a proper exercise of discretion. By disallowing inquiry into the underlying facts of defendant's prior crimes, but allowing mention of their theft-related nature, the court's decision reflected a balancing of the probative value of the convictions on the issue of defendant's credibility against undue prejudice that might arise from their use. We find unpersuasive defendant's argument that the ruling was overly prejudicial due to the number of prior convictions allowed for impeachment purposes or in that the larcenous nature of the prior offenses and the instant offense might hint at defendant's propensity to commit a specific crime. "[A] defendant cannot shield himself from impeachment on the

basis of the very frequency of his offenses, or his tendency to specialize in his criminal endeavors" *(People v Brown,* 161 AD2d 458). We note further that the court at the hearing invited defendant to renew any *Sandoval* arguments at the close of the People's evidence, and that defendant did not avail himself of this opportunity. Concur—Sullivan, J. P., Milonas, Rosenberger and Ellerin, JJ.