■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS CRUZ, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered January 31, 1989, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to an indeterminate term of from 4½ to 9 years in prison, unanimously affirmed.

The complainant was accosted and robbed by four men at a bus stop on Third Avenue between 39th and 40th Streets in Manhattan on September 3, 1988 at approximately 3:00 A.M. Immediately after the incident, the complainant located a marked patrol car and was driven through the area in search of the perpetrators. He recognized the four men, including the defendant, as the patrol car approached Second Avenue from the west on 42nd Street. The suspects were stopped, frisked and identified.

Viewing the evidence in the light most favorable to the People, and giving due deference to the jury's resolution of issues regarding credibility *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), it is clear that the evidence was sufficient to support the verdict. The victim's identification testimony alone was sufficient to support the conviction *(People v Arroyo,* 54 NY2d 567, 578, *cert denied* 456 US 979). The fact that the victim's description of the defendant did not refer to defendant's mutilated ear does not make his identifi-

cation unreliable as a matter of law. *(People v Mosley,* 112 AD2d 812, *affd* 67 NY2d 985.) Likewise, the failure to recover the proceeds of the crime does not render the victim's identification testimony incredible *(People v Williams,* 155 AD2d 394, 395, *lv denied* 75 NY2d 819).

The circumstances of the street showup did not render the identification procedure unduly suggestive. Showup identifications, although inherently suggestive, are permissible when held in close temporal and spacial proximity to that of the crime *(People v Love,* 57 NY2d 1023, 1024). Moreover, under the circumstances presented, the officers were justified in frisking the defendant and his companions; no particularized independent source for their belief of danger was required. *(See, People v Paige,* 154 AD2d 318, 319, *lv denied* 75 NY2d 816.)

The court's *Sandoval* ruling permitting the prosecutor to cross-examine the defendant about five of defendant's eleven prior criminal convictions (three convictions for theft of services, one conviction for attempted petit larceny, and one conviction for attempted robbery) without inquiry into the facts underlying these convictions, was not an abuse of discretion. *(Compare, People v Brown,* 161 AD2d 458, *lv denied* 76 NY2d 938.)

The remaining issues raised by the defendant have been considered and found to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Rubin, JJ.