■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JACKSON, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 23, 1988, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him, as a persistent felony offender to an indeterminate prison term of from fifteen years to life, unanimously affirmed.

The defendant approached the complainant in Pennsylvania Station and offered to sell him drugs. When the complainant refused, he was confronted by defendant's 6 foot, 6 inch tall companion, who grabbed complainant by the collar, ripped a gold chain from complainant's neck and pushed complainant to the ground. Defendant, meanwhile, stood close behind complainant. They then fled together. Complainant immediately followed in pursuit. Police officers, on routine patrol in the area of Eighth Avenue between 30th and 31st Streets, observed two black males running and looking over their shoulders at the complainant, who was attired in a business suit and was giving chase, approximately 15 to 30 feet behind the two black males. After the tall male turned down a side street, complainant cornered the winded defendant. A search of the defendant following arrest failed to produce the stolen property. Defendant's tall accomplice was never apprehended.

Viewing the evidence in the light most favorable to the People *(People v Thompson,* 72 NY2d 410), defendant's argument that insufficient evidence was adduced at trial to establish his guilt of second degree robbery is without merit. Defendant's conduct in distracting complainant, blocking his escape and fleeing with his tall companion was alone sufficient to establish his accessorial liability beyond a reasonable doubt. *(See, People v Crutchfield,* 149 AD2d 857, *lv denied* 74 NY2d 738.)

Defendant's claim that the court, in its *Sandoval* ruling, failed to balance the probative value of the convictions allowed for cross-examination purposes against their prejudicial effect on defendant's right to a fair trial is belied by the record. The People's cross-examination of the defendant was limited to whether defendant had been convicted of two

felonies and seven misdemeanors. Considering defendant's criminal history of four felony and fourteen misdemeanor convictions—many of which were theft-related offenses—and that inquiry into the underlying facts of those convictions was precluded by the court, we perceive no abuse of discretion. *(See generally, People v Mackey,* 49 NY2d 274.) Defendant's further argument that the sheer number of convictions allowed by the court alone constitutes an abuse of discretion is without merit. A defendant cannot shield himself from impeachment on the basis of the very frequency of his offenses. *(People v Lee,* 168 AD2d 267, *lv denied* 77 NY2d 908.)

Defendant, having failed to appear following commencement of trial, and having ignored the court's express warning the day prior that the court would proceed with trial, waived his right to be present at trial. *(People v Sanchez,* 65 NY2d 436.)* Moreover, the court's limited hearing into the voluntariness of defendant's absence was appropriate, in view of the fact that the complainant would have been unavailable to testify at a later date, and in view of defendant's prior disruptions of the progress of the proceedings by seeking numerous adjournments based upon purported claims of illness and ineffectiveness of counsel. *(See, e.g., People v Jones,* 163 AD2d 203, *lv denied* 76 NY2d 987.) Any prejudice arising from placing an empty chair at the defense table over counsel's objection was alleviated by the court's firm opening instruction to the jury that they were to draw no adverse inferences from defendant's absence. We presume this instruction to have been followed by the jury. *(People v Davis,* 58 NY2d 1102.)

We have considered the remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Kupferman, Ross, Kassal and Smith, JJ.