■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO FERGUSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered December 1, 1986, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

On February 25, 1983, at approximately 2:30 P.M., police officers responded to a "silent alarm" sounding in a rug store. Officer Raymond R. Vogel went inside the store, questioned a codefendant, and then found a gun and handcuffs in the codefendant's jacket. Meanwhile, Officers Kenneth Sullivan and Frank DiPaolo arrived at the rear in an unmarked vehicle and observed a U-Haul van, occupied by three men, one of whom was later identified as the defendant, parked approximately 20 feet north of the rear door of the store. As Officer DiPaolo entered the store, he observed one of the van's occupants exit the van through the rear door, and observed that the van was empty of cargo. Thereafter, Officer Sullivan approached the van and asked the driver, the codefendant Scurry, what he and his companions were doing there. Scurry replied that they had just made a delivery and were waiting for their boss to direct them to the next location. Officer Sullivan then directed the three individuals to exit the van. Scurry could not produce his license, registration, or the U-Haul rental agreement, and the others could not provide any identification either. As this was occurring, Officer DiPaolo exited the store and told Officer Sullivan what had transpired inside. The officers then frisked the occupants of the van and found handcuffs on each of them. All three were then placed under arrest. Thereafter, the defendant made brief statements at the precinct.

On appeal, the defendant contends that the police frisked him illegally and that they lacked probable cause to arrest him. We disagree. The police had at least an articulable reason to request information from the defendant and the others in the van. Once Officer Sullivan discovered that the defendant and the others could not produce any identification and was informed that a man inside the store had been discovered with a gun and handcuffs, he had a reasonable suspicion that the defendant and his accomplices were engaged in criminal activity (see, People v Hollman, 79 NY2d 181; People v De Bour, 40 NY2d 210). Accordingly, the police were justified in conducting a pat-down search of the defendant's person (see, People v King, 65 NY2d 702; People v Mateo, 122 AD2d 229), which ripened into probable cause to arrest the defendant when the search revealed handcuffs similar to those found on the man with the gun who had been arrested inside the store (see, People v Davis, 144 AD2d 379). Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.