■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROSA, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered October 17, 1991, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

The record does not support the defendant's contention that the complainant's testimony was incredible, deliberately evasive and contradicted by the responding police officer's testimony and paperwork. The complainant was unequivocal in both the specifics of the robbery itself and in his in-court identification of the defendant as one of the perpetrators, the jurors thus having a sufficient basis to disregard whatever discrepancies that may have existed (People v Bleakley, 69 NY2d 490, 495; see, People v Cruz, 173 AD2d 320, 320-321). Nor does the evidence support the defense claim, argued for the first time on appeal, that the complainant merely surrendered his jewelry, on a subway platform on his way to work, as repayment of a debt. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Kassal, JJ.

■ In the Matter of CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, Appellant, v NEW YORK CITY OFFICE OF LABOR RELATIONS et al., Respondents.—Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered November 12, 1991, which remanded the award back to the arbitrator for further clarification, unanimously affirmed, without costs.

Respondents conceded violation of the terms of a collective bargaining agreement and the matter went to arbitration for the purpose of deciding adequate compensation to the affected employees. A decision was rendered on April 10, 1991. On June 19, 1991 petitioner moved to confirm the award. Immediately thereafter on June 25, 1991 the respondent contacted the arbitrator claiming uncertainty as to which employees were entitled to compensation. Although the arbitrator initially modified the award, it was recalled by letter dated, July 12, 1991, and withdrawn upon petitioner's objections for lack of consent and untimeliness. On August 12, 1991 respondents cross moved to either deny the petition or to remand for clarification. In the circumstances, having determined the violation of the agreement, the arbitration award was properly remanded to the arbitrator for clarification as to the identity of the officers who were to be awarded overtime pay. (CPLR 7511 [c] [1].) Concur—Murphy, P. J., Ellerin, Wallach, Asch and Kassal, JJ.