■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN AVILA, Appellant. [892 NYS2d 515]—

Contrary to the defendant's contention, the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) that allowed inquiry into his prior conviction for assault involving a weapon was not an improvident exercise of discretion. The mere fact that the defendant has committed a crime similar to the one for which he is currently being tried does not preclude inquiry into the prior crime (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v White*, 60 AD3d 1095, 1096 [2009]; *People v Boseman*, 161 AD2d 601, 602 [1990]).

The prosecutor's reason for exercising a peremptory challenge to exclude a potential juror based on his youth relative to the other jurors did not violate the defendant's constitutional rights (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Payne*, 88 NY2d 172 [1996]). Age is not a cognizable protected category where the reason for the challenge was related to the facts of the case (*see People v Smalls*, 249 AD2d 495 [1998]; *People v McMichael*, 218 AD2d 671 [1995]; *People v Manigo*, 165 AD2d 660 [1990]).

The prosecutor's comments on summation either were made in response to the arguments of defense counsel which attacked the credibility of the prosecution witnesses, were fair comments on the evidence (*see People v Galloway*, 54 NY2d 396 [1981]; *People v McHarris*, 297 AD2d 824 [2002]; *People v Cariola*, 276 AD2d 800 [2000]), or were harmless in light of the court's curative instructions, which obviated any prejudice to the defendant (*see People v Ferguson*, 82 NY2d 837 [1993]; *People v Cabrera*, 11 AD3d 552 [2004]). Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.