■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON PAIGE, Appellant. [931 NYS2d 262]—

The defendant was convicted of kidnapping in the second degree and two counts of assault in the first degree based upon evidence that during the period of time between July 3, 2008, and July 20, 2008, he restrained and repeatedly beat his then girlfriend with an extension cord, causing multiple lacerations and scarring.

The Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), which, inter alia, allowed inquiry into the defendant's misdemeanor conviction in California for threatening a woman with a weapon, and three prior convictions for criminal contempt for violating orders of protection, was not an improvident exercise of discretion. The Supreme Court properly balanced the probative value of the defendant's prior convictions on the issue of the defendant's credibility against the risk of unfair prejudice to the defendant (*id.*; *see People v Celleri*, 29 AD3d 707, 708-709 [2006]; *People v Avila*, 69 AD3d 642, 642 [2010]). The similarity of the convictions to the crimes charged did not preclude inquiry into their nature (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Aguayo*, 85 AD3d 809 [2011], *lv denied* 17 NY3d 812 [2011]; *People v Harris*, 74 AD3d 984, 985 [2010]; *People v Avila*, 69 AD3d at 642).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Taylor*, 1 NY3d 174

[2003]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction. Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.