■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LERNER, Appellant. [986 NYS2d 156]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Suffolk County (Condon, J.), rendered June 9, 2010, convicting him of promoting prison contraband in the first degree, attempted assault in the third degree, conspiracy in the sixth degree, and obstructing governmental administration in the second degree under indictment No. 721A-09, upon a jury verdict, and imposing sentence, (2) a judgment of the same court, also rendered June 9, 2010, convicting him of assault in the second degree (four counts) under indictment No. 1742B-09, upon a jury verdict, and sentencing him to determinate terms of imprisonment of four years on each of the convictions under counts 14 and 15 of the indictment, followed by four years of postrelease supervision, to run consecutively with each other and with the sentence imposed under indictment No. 02926-08, and determinate terms of imprisonment of four years on each of the convictions under counts 11 and 12 of the indictment, followed by four years of postrelease supervision, to run concurrently with each other and with all of the other sentences imposed, and (3) a judgment of the same court (R. Doyle, J.), also rendered June 9, 2010, convicting him of attempted robbery in the second degree under indictment No. 02926-08, upon his plea of guilty, and imposing sentence.

Ordered that the judgment rendered under indictment No. 721A-09 is modified, on the law, by vacating the conviction of attempted assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment rendered under indictment No. 721A-09 is affirmed; and it is further,

Ordered that the judgment rendered under indictment No. 1742B-09 is modified, on the law, by vacating the periods of postrelease supervision imposed upon the convictions of assault in the second degree; as so modified, the judgment rendered under indictment No. 1742B-09 is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing in accordance herewith; and it is further;

Ordered that the judgment rendered under indictment No. 02926-08 is affirmed.

The defendant was convicted of crimes that he committed while he was incarcerated at the Suffolk County Correctional Facility in Riverhead. Under a separate indictment, he was also convicted, upon his plea of guilty, of attempted robbery in the second degree, arising from an unrelated incident. On this appeal, the defendant raises numerous claims relating to the sufficiency of the evidence, certain evidentiary rulings, and the sentences imposed.

As correctly conceded by the People, the evidence was not legally sufficient to establish the defendant's guilt of attempted assault in the third degree beyond a reasonable doubt as that crime was charged to the jury. Accordingly, the conviction as to that count and the sentence imposed thereon are vacated, and that count is dismissed. As to all of the defendant's other convictions, viewing the evidence at trial in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

We reject the defendant's contention that he is entitled to reversal of the judgments because of the testimony as to his

codefendant's membership in a gang (*see People v Murray*, 116 AD3d 1068 [2014] [decided herewith]), particularly in light of the Court's limiting instruction concerning the use of that testimony (*see People v Ramirez*, 23 AD3d 500, 501 [2005]).

As the defendant contends and the People correctly concede, under Penal Law § 70.45 (2) (e), the periods of postrelease supervision applicable to a sentence imposed upon a conviction of assault in the second degree must be between 1½ and 3 years. Accordingly, we vacate the periods of postrelease supervision imposed upon the defendant's convictions of assault in the second degree and remit the matter to the Supreme Court, Suffolk County, for resentencing to proper periods of postrelease supervision on those convictions in accordance with Penal Law § 70.45 (2) (e).

The defendant failed to preserve for appellate review his contention that the court, by the sentences it imposed after trial, penalized him for exercising his right to a trial (*see People v Seymore*, 106 AD3d 1033, 1034 [2013]). In any event, the fact that the sentences imposed after trial were greater than what the defendant had been offered in connection with a proposed plea agreement does not, standing alone, establish that he was punished for proceeding to trial. Moreover, the transcript of the sentencing proceedings does not support a finding that the sentencing determinations were tainted by retaliation or vindictiveness (*see People v Griffin*, 98 AD3d 688, 690 [2012]).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Dickerson, Roman and Miller, JJ., concur.