■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE PEREZ, Appellant. [18 NYS3d 399]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered May 16, 2013, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Carncross*, 14 NY3d 319, 324-325 [2010]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Hines*, 97 NY2d 56, 62 [2001]; *People v Pitre*, 108 AD3d 643, 643 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v*

*Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity and guilt beyond a reasonable doubt (*see People v Gordon*, 23 NY3d 643 [2014]; *People v Gilocompo*, 125 AD3d 1000 [2015]; *People v Hoffman*, 2 AD3d 749, 749 [2003]; *People v Williams*, 155 AD2d 394, 395 [1989]; cf. *People v Hiraeta*, 117 AD3d 964, 965 [2014]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the trial court improperly penalized him for exercising his right to a jury trial, because he did not articulate this issue at the time of sentencing (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Cherry*, 127 AD3d 879, 881 [2015]; *People v Lerner*, 116 AD3d 1065, 1067 [2014]). In any event, the contention is without merit (*see People v Seymore*, 106 AD3d 1033, 1034 [2013]; *People v Romero*, 101 AD3d 906, 907 [2012]). "The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his [or her] right to proceed to trial" (*People v Griffin*, 98 AD3d 688, 690 [2012]; *see People v Romero*, 101 AD3d at 907). There is no indication in the record that the sentence was the result of vindictiveness or retribution for the defendant's refusal to accept a plea offer and his exercise of the right to a jury trial.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.