■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY VALERY, Appellant. [24 NYS3d 362]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered September 12, 2012, convicting him of burglary in the first degree (two counts), attempted robbery in the second degree, attempted robbery in the third degree, resisting arrest, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of attempted robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The court did not err in denying the defendant's request for a justification charge on the counts of assault in the second degree and resisting arrest. There was no reasonable view of the evidence that would support a finding of justification and, therefore, the court was under no obligation to submit the question to the jury (*see People v Odinga*, 143 AD2d 202 [1988]; *People v Acevedo*, 117 AD2d 813 [1986]).

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on the two counts of burglary in the first degree, two counts of assault in the second degree, and attempted robbery in the second degree (*see People v Contes*, 60 NY2d 620, 621 [1983]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

However, as the People correctly contend, attempted robbery in the third degree is a lesser included offense of attempted robbery in the second degree (*see* Penal Law §§ 160.10 [2] [a];

160.05). Since the defendant's conviction of the greater count is deemed a dismissal of the lesser count pursuant to CPL 300.40 (3) (b), we vacate the defendant's conviction of attempted robbery in the third degree, and the sentence imposed thereon. Although the defendant did not raise this issue at trial and does not raise it on appeal, we reach it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

The defendant's contention that trial counsel was ineffective is without merit. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, given the seriousness of the crimes and the defendant's extensive criminal history, it cannot be said that the sentence imposed was excessive (*see People v Suitte*, 90 AD2d 80 [1982]). The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial. There is no indication in the record that the sentence was the result of vindictiveness or retribution for the defendant's refusal to accept a plea and his exercise of the right to a jury trial (*see People v Martinez*, 26 NY3d 196 [2015]; *People v Perez*, 132 AD3d 911 [2015]; *People v Lerner*, 116 AD3d 1065 [2014]; *People v Fernandez*, 115 AD3d 977 [2014]). Eng, P.J., Mastro, Cohen and Miller, JJ., concur.