People v Cagan (2020 NY Slip Op 03923)





People v Cagan


2020 NY Slip Op 03923


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-02032
 (Ind. No. 3242/10)

[*1]The People of the State of New York, respondent,
v
Max Cagan, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered February 2, 2017, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials, evidence obtained pursuant to an eavesdropping warrant, and physical evidence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The defendant's contention that a particular comment made by a detective during the interrogation indicates that a pre-Miranda custodial interrogation occurred is unpreserved for appellate review (see CPL 470.05[2]; People v Baez, 175 AD3d 553, 555). In any event, the record establishes that the defendant knowingly, voluntarily, and intelligently waived his rights under Miranda v Arizona (384 US 436) prior to making his inculpatory statements. Contrary to the defendant's contention, the People met their initial burden of showing the legality of their conduct and the validity of the defendant's waiver (see People v Humphrey, 176 AD3d 1101, 1102). Moreover, where, as here, a person in police custody was issued Miranda warnings and waived those rights voluntarily and intelligently, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous (see People v Black, 172 AD3d 895, 896). Under the circumstances presented here, the detectives were not required to re-administer Miranda warnings before questioning the defendant about the instant offenses even though they arrived several hours into an ongoing interrogation about other crimes (see People v Johnson, 114 AD3d 877, 877-878). Furthermore, on this record, defense counsel was not ineffective for failing to cross-examine the People's witnesses more fully about the possibility of a pre-Miranda custodial interrogation at the hearing (see People v Casey, 149 AD3d 771, 772).
In addition, contrary to the defendant's contention, the affidavit of a detective submitted in support of the eavesdropping warrant of the defendant's cell phone demonstrated that normal investigative procedures either had been tried and failed, or reasonably appeared unlikely to [*2]succeed if tried, to obtain the evidence sought (see CPL 700.20[2][d]; 700.15[4]; People v Rabb, 16 NY3d 145, 151-155). We therefore agree with the Supreme Court's denial of those branches of the defendant's omnibus motion which were to suppress his recorded phone calls and physical evidence recovered during his arrest.
The defendant's contention that the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) deprived him of his right to testify on his own behalf is without merit. The record shows that the court engaged in the requisite balancing of the probative value against the prejudicial effect, and reached an appropriate compromise ruling (see People v Biear, 119 AD3d 599, 600). The ruling, which, inter alia, allowed the prosecutor to question the defendant, should he choose to testify, about the underlying facts of 2 of his 10 prior convictions, struck a proper balance (see People v Hayes, 44 AD3d 683, 683). The fact that the two convictions into which inquiry on the underlying facts was permitted bore some similarity to the instant crimes does not preclude inquiry into the prior convictions (see People v Avila, 69 AD3d 642, 642).
The prosecutor's summation did not deprive the defendant of a fair trial. The challenged comments were mostly based on the inferences to be drawn from the trial evidence or were a fair response to the defendant's arguments in summation (see People v Giddens, 161 AD3d 1191, 1193-1194). To the extent that any single remark was improper, the error was not so egregious as to have deprived the defendant of a fair trial (see People v Gomez, 153 AD3d 724, 726). Furthermore, defense counsel was not ineffective for failing to object to some of the challenged comments (see People v Giddens, 161 AD3d at 1194).
The defendant also was not deprived of a fair trial by the Supreme Court's acting-in-concert charge. The charge, taken as a whole, conveyed the correct standard to the jury (see People v Drake, 7 NY3d 28, 32).
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court