People v Gonzales (2020 NY Slip Op 05225)





People v Gonzales


2020 NY Slip Op 05225


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-01280
 (Ind. No. 2073/16)

[*1]The People of the State of New York, respondent,
v
Kayvon Gonzales, appellant.


Stephen R. Mahler, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Autumn S. Hughes and Rebecca L. Abensur of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered December 5, 2017, convicting him of aggravated criminal contempt (two counts), criminal contempt in the first degree (three counts), assault in the third degree, criminal contempt in the second degree (two counts), and aggravated family offense (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny suppression of the defendant's statements to law enforcement officials. Upon finding the defendant outside of the complainant's house after responding to a CAPER alarm activated by the complainant, "[t]he police had at least an articulable reason to request information from the defendant" (People v Ferguson, 182 AD2d 773, 774). We further agree with the court's finding that the "defendant was not in custody, nor would any reasonable person innocent of any crime believe that they were in custody at that time" (see People v Hollman, 79 NY2d 181, 185; People v De Bour, 40 NY2d 210, 213).
The Supreme Court did not improvidently exercise its discretion in permitting the People to elicit evidence of prior incidents of domestic violence between the defendant and the complainant (see People v Molineux, 168 NY 264; People v Braswell, 181 AD3d 818). "The evidence provided relevant background material to enable the jury to understand the defendant's relationship with the complainant and also served as proof of the defendant's intent and the reasonableness of the complainant's fear" (People v Braswell, 181 AD3d at 819; see People v Williams, 160 AD3d 665, 666; People v Timmons, 54 AD3d 883, 885). Further, defense counsel's failure to object when the People introduced this evidence at trial, after a hearing at which the court had already ruled the evidence to be admissible, did not constitute ineffective assistance of counsel (see People v Stultz, 2 NY3d 277, 287; People v Kelsey, 174 AD3d 962, 965).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court