People v Skinner (2021 NY Slip Op 04035)





People v Skinner


2021 NY Slip Op 04035


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-15153
 (Ind. No. 1311/17)

[*1]The People of the State of New York, respondent,
v
Robert Skinner, appellant.


Martin Geoffrey Goldberg, Franklin Square, NY, for appellant.
Joyce Smith, Acting District Attorney, Mineola, NY (Tammy J. Smiley and Andrew Fukuda of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Fran Ricigliano, J.), rendered November 20, 2018, convicting him of assault in the second degree, assault in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was not an improvident exercise of discretion. The record shows that the court engaged in the requisite balancing of the probative value against the prejudicial effect, and reached an appropriate compromise ruling (see People v Cagan, 185 AD3d 836, 837). The ruling, which allowed the prosecutor to question the defendant, should he chose to testify, regarding 4 prior convictions, relating to 4 separate criminal transactions, from a lengthy criminal history comprising 15 convictions, and did not permit the prosecutor to inquire about the facts underlying those convictions, struck a proper balance (see id. at 837-838). The fact that one of the prior convictions was attempted criminal possession of a weapon in the third degree, which was similar to one of the crimes charged in this action, did not preclude inquiry into the prior conviction (see People v Avila, 69 AD3d 642, 642).
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court