People v Taylor (2022 NY Slip Op 06271)

People v Taylor

2022 NY Slip Op 06271

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2018-12084
 (Ind. No. 1670/15)

[*1]The People of the State of New York, respondent,
v
Michael Taylor, appellant.

Jillian S. Harrington, Staten Island, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Jason R. Richards of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered August 29, 2018, convicting him of attempted murder in the second degree, attempted assault in the first degree (two counts), criminal possession of a weapon in the third degree (two counts), aggravated criminal contempt, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court did not err in permitting the admission into evidence of testimony regarding a prior incident of domestic violence between the defendant and the complainant. "'The evidence provided relevant background material to enable the jury to understand the defendant's relationship with the complainant and also served as proof of the defendant's intent'" (People v Gonzales, 186 AD3d 1711, 1712, quoting People v Braswell, 181 AD3d 818, 819; see generally People v Frankline, 27 NY3d 1113, 1115). Moreover, any prejudice to the defendant was minimized by the court's limiting instructions (see People v Durrant, 173 AD3d 890).
The defendant was not deprived of a fair trial by two instances of prejudicial testimony that were stricken from the record. The jury is presumed to have followed the Supreme Court's instructions not to consider stricken testimony (see People v Murphy, 168 AD3d 880). Additionally, contrary to the defendant's contention, the complainant's testimony that the defendant "had been away" prior to returning to live with the family was not prejudicial.
Contrary to the defendant's contention, viewing the record in its entirety, the defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137). Further, he was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668; People v Richards, 208 AD3d 603).
The defendant's contention that the sentence imposed improperly penalized him for exercising his right to a jury trial is unpreserved for appellate review (see People v Cherry, 127 [*2]AD3d 879). In any event, the contention is without merit. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations, is not, standing alone, an indication that the defendant was punished for proceeding to trial (see People v Perez, 132 AD3d 911, 912). There is no indication in the record that the sentence was the result of vindictiveness or retribution for the defendant's refusal to accept a plea offer and the exercise of his right to a jury trial (see id. at 912). Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court