People v Gordon (2024 NY Slip Op 01819)

People v Gordon

2024 NY Slip Op 01819

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2018-04384
 (Ind. No. 9824/15)

[*1]The People of the State of New York, respondent,
v
Ricardo Gordon, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jordan Cerruti, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew Sciarrino, Jr., J.), rendered January 29, 2018, convicting him of burglary in the second degree (eight counts), criminal trespass in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to concurrent indeterminate terms of imprisonment of 20 years to life on seven convictions of burglary in the second degree, a consecutive indeterminate term of imprisonment of 20 years to life on the remaining conviction of burglary in the second degree, and concurrent definite terms of imprisonment of 1 year on the convictions of criminal trespass in the second degree and criminal possession of stolen property in the fifth degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
In October and November 2015, the defendant unlawfully entered different apartments in various apartment buildings and stole therefrom various items, including laptops, jewelry, and money. Following his arrest, the defendant made oral, written, and videotaped statements to law enforcement officials, after waiving his Miranda rights (see Miranda v Arizona, 384 US 436). In an omnibus motion, the defendant moved, inter alia, to suppress statements he made to law enforcement officials. The Supreme Court, among other things, denied that branch of the defendant's omnibus motion after a hearing. Following a jury trial, the defendant was convicted of, inter alia, eight counts of burglary in the second degree. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the oral, written, and videotaped statements made to law enforcement officials after he was advised of his Miranda rights. "At a hearing to suppress statements made to law enforcement officials, the People have the burden of demonstrating, beyond a reasonable doubt, that the defendant's statements were voluntary and, if applicable, that the defendant knowingly, intelligently, and voluntarily waived his or her Miranda [*2]rights prior to making the statements" (People v Loucks, 125 AD3d 890, 890 [citations omitted]; see Miranda v Arizona, 384 US at 444; People v Williams, 62 NY2d 285, 288-289; People v Huntley, 15 NY2d 72; People v McManus, 219 AD3d 636, 636). "'Whether a defendant knowingly and intelligently waived his or her rights to remain silent and to an attorney is determined upon an inquiry into the totality of the circumstances surrounding the interrogation'" (People v Stevens, 203 AD3d 1181, 1182, quoting People v Santos, 112 AD3d 757, 758). The hearing court's credibility determinations "are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Johnson, 139 AD3d 967, 970 [internal quotation marks omitted], affd 31 NY3d 942; see People v Grant, 170 AD3d 888, 889). "Where . . . a person in police custody was issued Miranda warnings and waived those rights voluntarily and intelligently, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" (People v Vinson, 199 AD3d 942, 943 [internal quotation marks omitted]; see People v Cagan, 185 AD3d 836, 837; People v Rodriguez, 172 AD3d 1240).
Here, the evidence adduced at the suppression hearing established that the defendant, after being taken into custody and read Miranda warnings, voluntarily, intelligently, and knowingly waived his Miranda rights. The record further demonstrates that, while the defendant was subjected to multiple interviews by multiple law enforcement officials over a period of time that spanned more than two days, the gaps between the times that the defendant was reread his Miranda warnings were not unreasonable, and he was in continuous custody for the relevant time period. The defendant was also provided with food and drink, was given sufficient time to rest between interviews, was allowed to smoke cigarettes, and was not handcuffed while being questioned (see People v Noble, 211 AD3d 970, 972; People v Cagan, 185 AD3d at 837; People v Rodriguez, 172 AD3d at 1241).
The defendant's additional contention that an undue delay in his arraignment warranted suppression of his statements is without merit. The record supports the Supreme Court's determination that the defendant knowingly and voluntarily signed a temporary waiver of speedy arraignment rights (see People v Osorio, 49 AD3d 562). Further, there was no evidence presented at the hearing to suggest that any purported delay was "for the purpose of depriving the defendant of the right to counsel and obtaining an involuntary confession, and that this delay was strategically designed so that an accused could be questioned outside the presence of counsel" (People v Costan, 197 AD3d 716, 721 [internal quotation marks omitted]; see People v Jin Cheng Lin, 26 NY3d 701, 721; People v Smith, 199 AD3d 1023).
The defendant's contention that the evidence was legally insufficient to support his convictions of three counts of burglary in the second degree, because the People failed to prove his identity as the perpetrator of the subject three burglaries, is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Danielson, 9 NY3d 342, 349; People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of the subject three burglaries beyond a reasonable doubt (see People v Lebron, 171 AD3d 1092). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
"The defendant's contention that he was penalized for exercising his right to a jury trial is unpreserved for appellate review, since he did not raise it at the sentencing hearing" (People v Ellerbee, 203 AD3d 1068, 1069; see CPL 470.05[2]). In any event, the contention is without merit. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for proceeding to trial (see People v Taylor, 210 AD3d 807, 808-809). There is no indication in the record that the sentence was the result of vindictiveness or retribution for the defendant's refusal to accept a plea offer and the exercise of his right to a jury trial (see id. at 809). However, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention, that the prosecutor violated the unsworn witness rule, is partially unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court