People v Shen Yang (2026 NY Slip Op 00806)

People v Shen Yang

2026 NY Slip Op 00806

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA
PHILLIP HOM, JJ.

2017-00379
 (Ind. No. 2525/15)

[*1]The People of the State of New York, respondent,
vShen Yang, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael Gary, J.), rendered November 16, 2016, convicting him of burglary in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his conviction of grand larceny in the third degree is not supported by legally sufficient evidence is unpreserved for appellate review, as his motion to dismiss made at the close of evidence was not sufficiently specific (see People v Jhagroo, 186 AD3d 741, 743; People v James, 35 AD3d 762, 762). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Danielson, 9 NY3d 342, 349), we find that the evidence was legally sufficient to establish the defendant's guilt of grand larceny in the third degree beyond a reasonable doubt (see People v Robinson, 60 NY2d 982, 983; People v Olivo, 52 NY2d 309, 318). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon viewing the record here, we are satisfied that the verdict of guilt on the count of grand larceny in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to raise any constitutional objections to the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371), and, therefore, to the extent that the defendant now raises constitutional claims, they are unpreserved for appellate review (see People v Grant, 7 NY3d 421, 424; People v Noble, 211 AD3d 970, 973). In any event, the defendant's contentions regarding the court's Sandoval ruling are without merit, as the ruling reflected a proper balance between the "probative value" of the defendant's prior convictions on the issue of his credibility and the danger of "impermissible prejudice" to the defendant (People v Sandoval, 34 NY2d at 375, 377; see People v Skinner, 195 AD3d 952, 952-953).
The defendant's contention that the sentence imposed was excessive has been rendered academic (see People v Nicholson, 31 AD3d 468, 469), since the maximum expiration date [*2]of his post-release supervision has passed (see People v Jackson, 231 AD3d 966, 966; People v Reyes-Lopez, 189 AD3d 1269, 1269).
BARROS, J.P., VOUTSINAS, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court