OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was indicted on charges arising out of an automobile accident in which two people were killed. While incarcerated awaiting trial, the defendant allegedly conspired with a fellow inmate to arrange for the murder of an eyewitness to the accident. The inmate, never intending to aid the defendant, informed the police, who arranged for an undercover officer to pose as a hired killer and for a communication to take place between the defendant and the officer. The defendant instructed the undercover officer to contact his mother or sister who would provide a picture of the eyewitness and $300 as the first installment of a "payoff” for the murder. The defendant indicated that he would make arrangements with his family so that they would be expecting to be contacted. Although the police officer, posing as the "hired gun”, telephoned defendant’s mother and sister and arranged to meet them, the meeting never took place. As a result of these conversations, however, all of which were recorded, the defendant was additionally charged with conspiracy and criminal solicitation.
Before trial, the initial charges stemming from the auto accident and the ensuing charges of conspiracy and criminal solicitation, were joined pursuant to CPL 200.20 (2) (b) in a single nine-count indictment. The jury found the defendant guilty on five counts, namely unauthorized use of a motor vehicle in the third degree, leaving the scene of an accident without reporting as a felony, falsely reporting an incident in the third degree, criminal solicitation in the second degree, *895 and conspiracy in the fourth degree. The Appellate Division affirmed.
On appeal from his conviction, defendant contends that the trial court erred by not granting his motion to sever the consolidated indictment. Pursuant to CPL 200.20 (2) (b), two offenses, even though based on separate and distinct criminal transactions, may be joined in the discretion of the trial court if they are of such a nature that proof of either offense would be material and admissible as evidence-in-chief upon the trial of the other. Here, the evidence relating to the automobile accident was material and admissible to establish motive with respect to the conspiracy and criminal solicitation charges. Likewise, the evidence of the conspiracy and of the criminal solicitation was relevant to the issue of defendant’s consciousness of guilt in relation to the automobile accident. Joinder of the offenses was within the scope of the trial court’s discretion and once the offenses were properly joined, the court lacked statutory authority to sever (CPL 200.20 [3]; People v Lane, 56 NY2d 1).
Defendant also claims that it was reversible error to admit the recordings containing his inculpatory statements. These were elicited by the police in the absence of counsel and after counsel had been obtained with regard to the initial indictment. Defendant relies on Maine v Moulton (474 US 159, 106 S Ct 477, in effect overruling People v Mealer, 57 NY2d 214), in which the Supreme Court ruled that postindictment statements elicited in the absence of counsel even where, as here, the statements are elicited as part of an investigation into a new crime, are inadmissible at the trial of the initial indictment but may be admitted at the trial for the new crime. Thus, under Moulton, defendant’s postindictment recorded conversations are admissible as proof of the postaccident conspiracy crimes but inadmissible with respect to the charges relating to the automobile accident.
Our analysis of the Supreme Court’s holding does not disclose that that court considered or created a per se rule governing this kind of error. Thus, accepting that the admission of these statements was in violation of the defendant’s right to counsel, we next turn to whether the admission may be subject to harmless error analysis. As in other right-to-counsel cases, the rationale underlying the Moulton rule is not to bar the use of all postindictment statements made in the absence of counsel, but rather to prevent the use of such statements unfairly to prejudice the defendant’s case (474 US, *896 at —, 106 S Ct, at 489, supra). We conclude that statements in this case admitted in violation of the Moulton decision are subject to the harmless error doctrine under our precedents which are compatible with Moulton and its rationale. Inasmuch as appellant’s recorded conversations contained no reference to the accident itself or to any of the charges arising from it, and evidence of guilt with respect to the initial crimes was direct and overwhelming, the error resulting from the admissions of these statements is harmless beyond a reasonable doubt (People v Krom, 61 NY2d 187; People v Sanders, 56 NY2d 51).
Defendant further argues that his conviction on the conspiracy count should be reversed because the required overt act element was not properly proven. He contends that the recorded conversations between his mother, his sister and the undercover police officer were the only evidence showing that he performed an overt act in the furtherance of the conspiracy and that is not enough. We disagree.
We agree with the courts below that there was sufficient circumstantial evidence upon which to infer the performance of an overt act by the defendant and, in turn, establish a prima facie case of conspiracy. The cogent evidence includes admissible statements made by the defendant to others that he had spoken and would again speak with his sister and his mother to further the conspiratorial objective by providing payment and a photograph of the victim; defendant’s assurance to the undercover officer that he would make the telephone call to his mother immediately; his specific instructions to the undercover officer about following up on his telephone call to his mother; and defendant’s provision of his mother’s phone number to the undercover officer with a description of the instructions he intended to give her. This evidence being sufficient to establish a prima facie case that a conspiracy existed, the evidence concerning the mother’s and sister’s statements which established an overt act was properly received.
Defendant’s argument that the evidence at trial was insufficient for the jury to have made a guilty finding on the criminal solicitation charge is without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
Order affirmed in a memorandum.