■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered on November 27, 1985, convicting the defendant, after a jury trial, of two counts of robbery in the first degree, two counts of burglary in the first degree, two counts of burglary in the second degree, robbery in the second degree, grand larceny in the third degree, unlawful imprisonment in the first degree and criminal trespass in the second degree and sentencing him, as a second felony offender, to concurrent indeterminate terms of from 12½ to 25 years' imprisonment on the first degree robbery and burglary counts, 7½ to 15 years' imprisonment on the second degree robbery and one of the second degree

burglary counts, 1½ to 3 years' imprisonment on the grand larceny and unlawful imprisonment counts, and to a definite term of one year's imprisonment on the criminal trespass count and to a consecutive indeterminate term of from 4½ to 9 years' imprisonment on the remaining second degree burglary count, unanimously affirmed.

Contrary to defendant's assertions, the record reveals that the trial court did not abuse its discretion in consolidating for trial the two indictments charging the defendant with four residential burglaries, all occurring in the Morris Park section of The Bronx. The defendant failed to demonstrate that there was a substantial likelihood of confusion on the part of the jury that would have made joinder of the offenses improper (CPL 200.20 [3] [a]; *People v Bongarzone,* 69 NY2d 892, 895; *People v Lane,* 56 NY2d 1, 8).

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), defendant's guilt was proved beyond a reasonable doubt. Nor was the verdict against the weight of the credible evidence. *(People v Bleakley,* 69 NY2d 490, 495.)

Finally, we do not find that the sentence imposed was unduly harsh or severe. Taking into account the nature of the crimes charged, the particular circumstances of the individual before the court, defendant's prior history which includes two prior felony convictions and multiple misdemeanor convictions, and the purpose of a penal sanction, we perceive no abuse of discretion warranting a reduction in sentence *(People v Farrar,* 52 NY2d 302, 305). Concur—Rosenberger, J. P., Kassal, Ellerin, Smith and Rubin, JJ.