■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WHITFIELD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered December 1, 1989, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the testimony of the People's main witness lacked credibility since, *inter alia,* he lied on the stand about his criminal background, and the defendant's four witnesses all testified as to his bad reputation in the community for truthfulness. He argues that since the People's case primarily relied on this witness's testimony, they failed to prove his guilt beyond a reasonable doubt. We disagree.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be afforded to the evidence presented, are primarily to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that since the defendant failed to object to the court's alleged excessive interference at trial or to move for a mistrial on this ground, this issue is unpreserved for appellate review *(see, People v Charleston,* 56 NY2d 886; *People v Graziano,* 151 AD2d 775). In any event, examination of the record does not support the defendant's contention that the court improperly interfered with the defense counsel's questioning of the People's main witness *(see generally, People v De Jesus,* 42 NY2d 519, 523-524). Under the circumstances, we

also do not find that the court improvidently exercised its discretion in limiting defense counsel's examination of this witness *(see, People v Torres,* 155 AD2d 491).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, does not warrant reversal. Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.