■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO BRIDGEWATER, Appellant. [662 NYS2d 120] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., on consolidation and severance motions; Steven Lloyd Barrett, J., at jury trial and sentence), rendered November 23, 1994, convicting defendant of four counts of rape in the first degree, three counts of sodomy in the first degree, and two counts of robbery in the first degree, and sentencing him to consecutive terms of 8⅓ to 25 years, unanimously affirmed.

The charges were properly consolidated under CPL 200.20 (2) (b), a ground argued before the motion court. Once so consolidated, the motion court lacked statutory authority to sever (*People v Bongarzone*, 69 NY2d 892, 895). In any event, we find that the denial of severance did not result in any prejudice to defendant.

By failing to object, or by making only generalized objections and failing to request further relief after objections were

sustained, defendant has failed to preserve his current claims regarding various comments made by the prosecutor in summation, and we decline to review them in the interest of justice. Were we to review them, we would find that there was no pattern of inflammatory remarks or egregious conduct on the part of the prosecutor, and no basis for reversal (*People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

Defendant's challenge to the court's charge to the jury regarding evaluation of interested witness testimony is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find that the instruction, when viewed as a whole, was appropriately neutral and conveyed the applicable legal principles.

We perceive no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Colabella, JJ.