■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIKOLIN LUMAJ, Appellant. [749 NYS2d 237] —Judgments, Supreme Court, New York County (John Bradley, J.), rendered April 16, 2001, convicting defendant, after a jury trial, of assault in the second degree (two counts), reckless endangerment in the first degree, criminal possession of a weapon in the third degree and tampering with physical evidence, and sentencing him, as a second felony offender, to two consecutive terms of six years, concurrent with concurrent terms of 3 to 6 years, 3 to 6 years and 1½ to 3 years, and also convicting defendant, upon his plea of guilty, of bribing a witness, and sentencing him, as a second felony offender, to a consecutive term of 2 to 4 years, unanimously affirmed.

Defendant's challenges to the sufficiency of the evidence are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that as to each of defendant's convictions, every element of the crime was supported by legally sufficient evidence. Specifically, the evidence warrants the conclusion that it was defendant who struck the adult victim with a bat, and also warrants the conclusion that the child victim sustained physical injury (*see People v Guidice*, 83 NY2d 630, 636).

As the People concede, certain tape recordings made by the police while defendant was represented by counsel were improperly admitted at trial (*see Maine v Moulton*, 474 US 159). However, the error was harmless beyond a reasonable doubt (*see People v Bongarzone*, 69 NY2d 892, 896), since the recordings were entirely cumulative to similar evidence that was properly admitted.

To the extent that defendant is arguing that evidence that he bribed the victim in order to prevent him from testifying constituted inadmissible uncharged crimes evidence, that contention is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence was clearly admissible as it demonstrated defendant's consciousness of guilt (*see People v Bongarzone*, 69 NY2d at 895), and because its probative value outweighed its prejudicial effect.

Defendant's ineffective assistance of counsel argument rests largely on factual assertions outside the record that are unreviewable on direct appeal. While defendant included certain of these assertions in a motion to set aside the verdict, such a motion is limited to grounds appearing in the record (CPL 330.30 [1]), and even were we to treat the motion as a motion to vacate judgment pursuant to CPL 440.10, it would

still not be properly before this Court absent leave to appeal (CPL 460.15). Based on the existing record, we conclude that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714).

Defendant's claim that the court's authority to impose consecutive sentences for his two assault convictions was limited by Penal Law § 70.25 (3) is without merit. That provision applies to *definite* sentences under Penal Law § 70.00 (4), not *determinate* sentences under Penal Law § 70.00 (6), as defendant received in this case. Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.