THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN MOSES, Appellant. [825 NYS2d 771]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered October 21, 2004, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While incarcerated awaiting trial on the charges at bar, the defendant wrote a letter to a fellow inmate asking that he convey a bribe offer to a prosecution witness not to testify. The inmate notified the District Attorney's office of the letter and, at the direction of the District Attorney's office and the police, wrote back to the defendant in an effort to elicit further incrim-

inating statements. The defendant responded with a letter reiterating his offer to pay the witness a bribe not to testify. At trial, the People offered both letters written by the defendant into evidence as consciousness of guilt. The People also offered for the same purpose five additional letters attributed to the defendant threatening the witness not to testify.

The second letter written by the defendant to his fellow inmate was obtained in violation of his right to counsel and should not have been admitted into evidence at the trial (*see People v Bongarzone,* 69 NY2d 892 [1987]; *see also Maine v Moulton,* 474 US 159, 171 [1985]; *Massiah v United States,* 377 US 201 [1964]). However, the error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Bongarzone,* 69 NY2d 892 [1987]). Indeed, the impact of the letter was merely cumulative (*see People v Lumaj,* 298 AD2d 335 [2002]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Schmidt, J.P., Ritter, Lunn and Covello, JJ., concur.