*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                    105106
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ADRIAN PARBHUDIAL,
                    Appellant.
_____


Calendar Date:  November 17, 2015

Before:  Lahtinen, J.P., Garry, Rose, Lynch and Devine, JJ.

                        _____


        George J. Hoffman Jr., Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

                        _____


Lahtinen, J.P.

        Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered May 2, 2011, upon a verdict convicting defendant of the crimes of attempted aggravated murder, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, hindering prosecution in the first degree, perjury in the third degree and making an apparently sworn false statement in the second degree.

        On February 20, 2010, several of defendant's family members participated in the murder of Ganesh Ramgoolam near the house where defendant and the family members resided in the City of Schenectady, Schenectady County.  Defendant allegedly had knowledge of his family members' participation in the murder.  The next day, at about 7:00 p.m., a Special Operation Squad of

the Schenectady Police Department executed a no-knock search warrant relative to the Ramgoolam murder at defendant's residence.  After police had entered the residence, defendant fired from close range a 12-gauge shotgun loaded with birdshot at police, striking officers whose armored gear ostensibly protected them from serious physical injury or death.  Following his arrest, defendant was questioned by police about, among other things, his knowledge of the Ramgoolam murder and he allegedly repeatedly misled police about important aspects of such crime.

In May 2010, defendant was charged in a six-count indictment with attempted murder in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the third degree, hindering prosecution in the first degree, perjury in the third degree and making an apparently sworn false statement in the second degree.  Thereafter, a supplemental four-count indictment in June 2010 charged defendant with attempted aggravated murder, attempted aggravated assault upon a police officer, attempted assault in the first degree and criminal possession of a weapon in the third degree.[1]  The indictments were consolidated upon consent pursuant to CPL 200.20 (4) in July 2010.  Less than a week before the trial commenced in January 2011, defendant made an oral application to sever three of the counts, which County Court denied.  A jury convicted defendant of attempted aggravated murder, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, hindering prosecution in the first degree, perjury in the third degree and making an apparently sworn false statement in the second degree.  Defendant was sentenced to an aggregate prison term of 40 years to life and now appeals.

Defendant first argues that County Court abused its discretion in denying his motion to sever the charges of hindering prosecution in the first degree, perjury in the third degree and making an apparently sworn false statement in the second degree, particularly since these charges resulted in

---

[1]  The criminal possession of a weapon charge in the supplemental indictment, which was premised upon defendant's non-citizen status (see Penal Law § 265.01 [5]), was later dismissed.

extensive proof of the Ramgoolam murder being admitted. We
initially note that all the charges had been consolidated upon
consent, and, moreover, that defendant's motion to sever was
untimely in that he did not make it until nearly seven months
after his arraignment and he failed to demonstrate good cause for
the delay (see CPL 255.20 [1] [3]; People v Singh, 60 AD3d 875,
876 [2009], lv denied 13 NY3d 862 [2009]; People v Vernon, 304
AD2d 679, 680 [2003], lv denied 100 NY2d 566 [2003]). County
Court did, however, rule on the merits of the motion. Although
offenses joined pursuant to CPL 200.20 (2) (c) because they are
based on the same or similar statutes may be severed in the
court's discretion (see CPL 200.20 [3]), the court does not have
statutory authority to sever offenses otherwise properly joined
(see People v Lane, 56 NY2d 1, 7 [1982]; People v Raucci, 109
AD3d 109, 117 [2013], lv denied 22 NY3d 1158 [2014]; People v
Rogers, 94 AD3d 1246, 1248 [2012], lv denied 19 NY3d 977 [2012];
see also People v Bongarzone, 69 NY2d 892, 895 [1987]). Offenses
are properly joined under CPL 200.20 (2) (b) "[w]hen evidence of
a crime charged in one indictment is material and admissible as
evidence of a crime charged in a second" (People v Shoga, 89 AD3d
1225, 1229 [2011], lv denied 18 NY3d 886 [2012]; see People v
Bongarzone, 69 NY2d at 895).

Proof of the Ramgoolam murder by defendant's family members
was a necessary element of the hindering prosecution in the first
degree charge (see Penal Law § 205.65; People v Chico, 90 NY2d
585, 588 [1997]), as well as the alleged perjury and sworn false
statement charges. Defendant's knowledge of such crime and its
connection to individuals living in his home were also relevant
to and admissible in the People's case on the attempted
aggravated murder charge to prove intent, motive and the lack of
mistake (see People v McCloud, 121 AD3d 1286, 1288-1289 [2014],
lv denied 25 NY3d 1167 [2015]; People v Piznarski, 113 AD3d 166,
179-180 [2013], lv denied 23 NY3d 1041 [2014]; People v Raucci,
109 AD3d at 117); in fact, the central defense was that defendant
did not know it was police entering his house and he mistakenly
shot them believing they were intruders. Under the
circumstances, the offenses were properly joined under CPL 200.20
(2) (b) and, accordingly, County Court did not err in denying
severance (see People v Bongarzone, 69 NY2d at 895; People v
Rogers, 94 AD3d at 1248; People v Cherry, 46 AD3d 1234, 1236

[2007], <u>lv denied</u> 10 NY3d 839 [2008]).

     The convictions were supported by legally sufficient
evidence and were not against the weight of the evidence.  When
considering legal sufficiency, we view the evidence in the light
most favorable to the People and determine whether "there is a
valid line of reasoning and permissible inferences from which a
rational jury could have found the elements of the crime proved
beyond a reasonable doubt" (<u>People v Reed</u>, 22 NY3d 530, 534
[2014] [internal quotation marks and citations omitted]).  In a
weight of the evidence review, where "a different finding would
not have been unreasonable, . . . [we] must, like the trier of
fact below, weigh the relative probative force of conflicting
testimony and the relative strength of conflicting inferences
that may be drawn from the testimony" (<u>People v Bleakley</u>, 69 NY2d
490, 495 [1987] [internal quotation marks and citation omitted]).
Defendant urges that the People's proof fell short in several
respects, including by failing to establish that: he knew or
reasonably should have known that he was shooting at police
regarding the attempted aggravated murder conviction; he acted
with the requisite depraved indifference to support the reckless
endangerment in the first degree conviction; and he deceived
police about the Ramgoolam murder so as to commit the crime of
hindering prosecution in the first degree.

     The extensive trial evidence included proof that defendant
was aware of the participants in and circumstances of the
Ramgoolam murder when or immediately after it occurred.  He had
also been involved in an ongoing dispute which led up to that
murder.  On the night of the murder, police questioned defendant
and other family members at defendant's residence, which was near
the murder location.  The following day, family members,
including defendant, watched the street from the residence in an
apparent look-out fashion.  When police arrived to execute the
warrant, the police observed one such look out who immediately
spotted them.  Knowing that they had been seen, police began
loudly announcing their presence, which witnesses from the area
confirmed clearly hearing.  They were wearing gear marked
"Police" in large letters, front and back.  Upon entering and
repeatedly yelling "police," they moved to a small hallway where,
between 5 to 15 seconds after entering, defendant shot at them

from a stairwell located less than 10 feet away. One officer ostensibly took the brunt of the shot in his protective body armor and another officer was also struck by birdshot. Defendant reloaded the gun, but surrendered before attempting to shoot again. After defendant's arrest, he gave multiple conflicting statements about his role. He also gave police false information about various aspects of the Ramgoolam murder.

Viewed most favorably to the People, there was legally sufficient proof that defendant knew that the individuals entering his residence were police engaged in official duties and he fired a shotgun from close range at them intending to cause the death of at least one officer. Since the shot discharged over 400 pellets and other officers were in close proximity, there is legally sufficient evidence that, while defendant intended to kill one officer, he also recklessly created a grave risk of death to other officers, reflecting the separate mens rea of depraved indifference necessary for the reckless endangerment conviction (see People v Tambadou, 56 AD3d 953, 953-954 [2008], lv denied 12 NY3d 762 [2009]; People v Craft, 36 AD3d 1145, 1147 [2007], lv denied 8 NY3d 945 [2007]; see also People v Trappier, 87 NY2d 55, 59 [1995]). There is legally sufficient evidence of all the crimes of which defendant was convicted. Further, upon weighing the proof in the record and viewing it in a neutral light, while giving deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 643-645 [2006]; People v Clark, 51 AD3d 1050, 1052 [2008], lv denied 10 NY3d 957 [2008]), the convictions are supported by the weight of the evidence.

Lastly, defendant urges that his sentence – particularly the maximum of 40 years to life for attempted aggravated murder – was harsh and excessive. "[A]lthough we have the authority to modify a sentence that is unduly harsh or severe under the circumstances, we reduce sentences only in extraordinary circumstances or where the trial court abused its discretion" (People v Rollins, 51 AD3d 1279, 1282 [2008], lvs denied 11 NY3d 922, 930 [2009] [internal quotation marks and citations omitted]; see People v Chancey, 127 AD3d 1409, 1413 [2015], lv denied 25 NY3d 1199 [2015]). In light of the serious nature of defendant's crimes in which several police officers were exposed to a risk of

death or serious injury, we are unpersuaded to reduce the sentence (see People v Blackman, 90 AD3d 1304, 1311 [2011], lv denied 19 NY3d 971 [2012]; People v Levy, 52 AD3d 1025, 1028-1029 [2008]; People v Rollins, 51 AD3d at 1282-1283).

Garry, Rose, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court