Appeal by the defendant from a judgment of the County Court, Dutchess County (Neary, J.), rendered January 20, 2015, convicting her of identity theft in the first degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The County Court properly denied that branch of the defendant’s omnibus motion which was to sever the counts in the indictment, since the nature of the proof for each of the offenses was material and admissible as evidence upon the trial of the other count in the indictment (see CPL 200.20 [2] [b]; People v Bongarzone, 69 NY2d 892, 895 [1987]). As the offenses were properly joined in one indictment from the outset pursuant to CPL 200.20 (2) (b), the court lacked the statutory authority to sever them (see CPL 200.20 [3]; People v Bongarzone, 69 NY2d at 895; People v Lane, 56 NY2d 1, 7 [1982]).
 

 The defendant’s contention that the evidence was legally insufficient to establish that she committed the crime of grand larceny in the fourth degree is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Finger, 95 NY2d 894, 895 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of that crime beyond a reasonable doubt. Further, contrary to the defendant’s contention, viewing the evidence in the light most favorable to the prosecution (see id. at 621), we find that the defendant’s conviction of identity theft in the first degree was also supported by legally sufficient evidence. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt as to the crimes of which the defendant was convicted was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645 [2006]).
 

 The defendant’s contention that a certain photograph was improperly admitted into evidence is without merit (see People v Byrnes, 33 NY2d 343, 347 [1974]).
 

 The defendant’s contention that she was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “mixed claim” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Evans, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852, 853-854 [1978]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved in full without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 The defendant’s remaining contention is without merit.
 

 Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.