People v Crawford (2018 NY Slip Op 05484)





People v Crawford


2018 NY Slip Op 05484


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2014-09175
 (Ind. No. 12-01448)

[*1]The People of the State of New York, respondent,
v
Lucius Crawford, appellant.


Randall Richards, Bronxville, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (John J. Carmody, William C. Milaccio, and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara G. Zambelli, J.), rendered September 16, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the third degree relating to the killing of Tonya Simmons, who was stabbed 31 times and found dead in the defendant's bed. The defendant appeals.
An individual taken into law enforcement custody for questioning must be informed of his or her Miranda rights (see Miranda v Arizona, 384 US 436, 467-473; US Const Amend V). The Miranda warnings are an "absolute prerequisite to interrogation" (Miranda v Arizona, 384 US at 471; see People v Dunbar, 24 NY3d 304, 314). "Interrogation" includes express questioning or its functional equivalent, meaning "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect" (Rhode Island v Innis, 446 US 291, 301; see People v Paulman, 5 NY3d 122, 129). Statements made in response to such police words or actions are inadmissible in the absence of Miranda warnings (see People v Dunbar, 24 NY3d 304, 314; People v Ferro, 63 NY2d 316, 322; People v Tavares-Nunez, 87 AD3d 1171, 1172).
Contrary to the hearing court's determination, the challenged pre-Miranda statements were the product of custodial interrogation by Detective Gamble, who should have known that his questions were likely to elicit an incriminating response (see People v Paulman, 5 NY3d at 129; cf. People v Chambers, 184 AD2d 716, 717). The 20-to-25-minute interview involved discussions about the defendant's family and criminal history and whether the defendant knew why he was being questioned, and did not fall within the exception for pedigree information reasonably related to the administrative concerns of the police (cf. People v Rodney, 85 NY2d 289, 293; People v Rivera, 26 NY2d 304, 309). Accordingly, the hearing court should not have denied that branch of the [*2]defendant's omnibus motion which was to suppress his pre-Miranda statements to Detective Gamble (see People v Paulman, 5 NY3d at 129). However, the error was harmless beyond a reasonable doubt, since the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 237).
The County Court providently exercised its discretion in precluding the defendant from presenting expert testimony on the issue of his low intelligence. "CPL 250.10 was designed to preserve the integrity of the trial process predicated on a principle of fairness" (People v Silburn, 31 NY3d 144 , 161). "[A]llowing a defendant to use unnoticed psychiatric evidence without good cause shown would be contrary to the legislative intent . . . to ensure the prosecution sufficient opportunity to obtain the psychiatric and other evidence necessary to refute the proffered defense of mental infirmity'" (id. at 157, quoting People v Berk, 88 NY2d 257, 264). Here, the defendant did not demonstrate good cause for his failure to timely serve the People with notice of the expert testimony (see CPL 250.10[2]; People v Silburn, 31 NY3d at 160-161). The defendant's contention that the People were not surprised by his request at trial to introduce such evidence since the People had notice prior to trial of his intent to offer a defense under CPL 250.10 is without merit. The defendant withdrew his initial CPL 250.10 notice, and indicated that he intended to offer psychiatric evidence of his diminished mental capacity to commit murder. The defendant then served a subsequent CPL 250.10 notice which disclosed that, although he intended to introduce evidence of his low intelligence as it related to the voluntariness of his statements to the police at the Huntley hearing and his ability to understand his Miranda warnings (People v Huntley, 15 NY2d 72; Miranda v Arizona, 384 US 436), he specifically was not consulting an expert. Further, contrary to the defendant's contention that his constitutional rights were violated by the court's preclusion of the expert testimony, "courts have long rejected the notion that a statutory pretrial notice requirement . . . is a constitutional violation of the right to present a defense" (People v Silburn, 31 NY3d at 159).
The record supports the County Court's determination to deny the defendant's request to charge manslaughter in the first degree as a lesser included offense. Given the nature and brutality of the slaying, there was no reasonable view of the evidence that the defendant intended to inflict serious physical injury rather than death (see CPL 300.50[1], [2]; People v Butler, 84 NY2d 627, 634; People v Gonzalez-Alvarez, 129 AD3d 647, 648; People v Collins, 290 AD2d 457, 458).
We agree with the County Court's determination to deny the defendant's application to sever the counts of the indictment relating to a 1993 homicide. Those counts were properly joined on the basis of overlapping evidence with regard to the defendant's confessions and their surrounding circumstances (see CPL 200.20[2][b]; People v Lane, 56 NY2d 1, 7; People v Perez, 47 AD3d 409, 410-411). Since the offenses were properly joined in one indictment from the outset pursuant to CPL 200.20(2)(b), the court lacked the statutory authority to sever them (see CPL 200.20[3]; People v Bongarzone, 69 NY2d 892, 985; People v Lane, 56 NY2d 1, 7; People v Acevedo, 160 AD3d 975, 976; People v Smith, 153 AD3d 1288).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court