People v Senat (2018 NY Slip Op 06573)





People v Senat


2018 NY Slip Op 06573


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-05475
 (Ind. No. 2916/13)

[*1]The People of the State of New York, respondent,
v
Marly Senat, appellant.


Paul Skip Laisure, New York, NY (Erin Tomlinson and Mark W. Vorkink of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Merri Turk Lasky, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered June 16, 2015, convicting him of robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), strangulation in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed on the conviction of strangulation in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on the conviction of strangulation in the second degree.
We agree with the Supreme Court's denial of the defendant's motion to sever. The counts in the indictment were properly joined, since the nature of the proof for each of the offenses was material and admissible as evidence upon the trial of the other counts in the indictment (see CPL 200.20[2][b]; People v Bongarzone, 69 NY2d 892, 895). As the offenses were properly joined in one indictment from the outset pursuant to CPL 200.20(2)(b), the court lacked the statutory authority to sever them (see CPL 200.20[3]; People v Bongarzone, 69 NY2d at 895; People v Bonilla, 127 AD3d 985, 986).
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) constituted a provident exercise of discretion and did not deprive the defendant of a fair trial (see People v Hayes, 97 NY2d 203, 207-208; People v Gray, 84 NY2d 709, 712; People v Avila, 69 AD3d 642; People v Lemke, 58 AD3d 1078, 1078-1079; People v Creel, 215 AD2d 577, 578).
The People correctly concede that the defendant's sentence of 8½ years on his conviction of the crime of strangulation in the second degree is illegal (see Penal Law §§ 60.05[5]; 70.00[2][d], [3][b]; 121.12). Therefore, we vacate that sentence and remit the matter to the Supreme Court, Queens County, for resentencing on that conviction (see People v Schnoor, 95 AD3d 1144, 1145).
Contrary to the defendant's contention, his trial counsel's failure to preserve certain claims for appellate review did not constitute ineffective assistance of counsel (see People v Benevento, 91 NY2d 708; People v Foster, 153 AD3d 853, 855; People v Bedford, 95 AD3d 1226, 1227).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court