People v Fields (2018 NY Slip Op 08030)





People v Fields


2018 NY Slip Op 08030


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-073534
 (Ind. No. 2916/13)

[*1]The People of the State of New York, respondent,
v
Andrew Fields, appellant.


Steven A. Feldman, Uniondale, NY, for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Merri Turk Lasky, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered July 21, 2015, convicting him of robbery in the first degree, robbery in the second degree (two counts), strangulation in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was tried with a codefendant for various crimes arising out of a gunpoint robbery of an individual in a Queens apartment building and possession of a firearm thereafter while occupying a vehicle that had been reported stolen. Following a jury trial, the defendant was convicted of robbery in the first degree, two counts of robbery in the second degree, strangulation in the second degree, two counts of criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fifth degree.
We agree with the Supreme Court's denial of the defendant's motion to sever the robbery and weapons possession counts. These counts in the indictment were properly joined, since the nature of the evidence for each of the offenses was material and admissible as evidence upon the trial of the other counts in the indictment (see CPL 200.20[2][b]; People v Bongarzone, 69 NY2d 892, 895). As the offenses were properly joined in one indictment from the outset pursuant to CPL 200.20(2)(b), the court lacked the statutory authority to sever them (see CPL 200.20[3]; People v Bongarzone, 69 NY2d at 895; People v Senat, ___ AD3d ___, 2018 NY Slip Op 06573 [2d Dept 2018]; People v Bonilla, 127 AD3d 985, 986).
We also agree with the Supreme Court's denial of the defendant's motion for a missing witness charge as to the robbery victim's friend, who allegedly saw the victim shortly after the robbery. As conceded by the defendant, the request for the missing witness charge was untimely (see People v Joseph, 161 AD3d 1105, 1105; People v Mancusi, 161 AD3d 775, 776; People v Sealy, 35 AD3d 510, 510). Moreover, the defendant failed to show that the witness was knowledgeable about a material issue in the case and would be expected to provide noncumulative [*2]testimony favorable to the prosecution (see People v Edwards, 14 NY3d 733, 735; People v Locenitt, 157 AD3d 905, 907).
The defendant's contentions, raised in his pro se supplemental brief, that the verdict of guilt was not supported by legally sufficient evidence and was against the weight of the evidence, are without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review (see CPL 470.05[2]; People v Geritano, 158 AD3d 724, 724; People v Jimenez, 148 AD3d 1054, 1054; People v Gough, 142 AD3d 673, 675; People v Whitfield, 181 AD2d 752, 752), and we decline to consider them in the interest of justice.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court