People v Gayle (2019 NY Slip Op 08863)





People v Gayle


2019 NY Slip Op 08863


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-03657
 (Ind. No. 2222/14)

[*1]The People of the State of New York, respondent,
v
Anthony Gayle, appellant.


Randall D. Unger, Bayside, NY, for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael B. Aloise, J.), rendered March 28, 2017, convicting him of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree for discharging a firearm outside of a nightclub in Queens in February 2014.
The defendant's contention that a particular photograph that was admitted into evidence at trial was not properly authenticated is unpreserved for appellate review (see CPL 470.05[2]; People v Leftenant, 22 AD3d 603, 605). In any event, the contention is without merit (see People v Byrnes, 33 NY2d 343, 347; People v Smith, 153 AD3d 1288, 1288).
The defendant failed to preserve for appellate review his contention that his constitutional right to confront the witnesses against him was violated when a particular detective testified at trial that he had "developed a suspect" with the defendant's nickname prior to interviewing any of the testifying witnesses (see CPL 470.05[2]; People v Clarke, 65 AD3d 1055, 1056). In any event, this contention is without merit (see People v Dorcinvil, 122 AD3d 874, 875). Trial testimony established that at least one testifying witness identified the defendant by his nickname to the police prior to the detective being assigned to the investigation. Therefore, the detective's testimony did not imply that a nontestifying witness had identified the defendant as the perpetrator.
The defendant's contention that the prosecutor made improper comments during summation is unpreserved for appellate review, as defense counsel either failed to object to the challenged comments or registered one-word general objections (see CPL 470.05[2]; People v Collins, 109 AD3d 482, 482; People v Gill, 54 AD3d 965, 965-966). In any event, the challenged [*2]comments did not deprive the defendant of a fair trial, as they constituted fair response to arguments made by defense counsel in summation or fair comment on the evidence (see People v Pringle, 136 AD3d 1061, 1063). Moreover, any other error in this regard was harmless, as the evidence of the defendant's guilt was overwhelming, and there is no significant probability that any error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Case, 113 AD3d 872, 873).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court