People v Goldson (2021 NY Slip Op 04371)





People v Goldson


2021 NY Slip Op 04371


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-13187
 (Ind. No. 30/19)

[*1]The People of the State of New York, respondent,
v
Nahyime Goldson, appellant.


Jonathan Rosenberg, Brooklyn, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan Cacace, J.), rendered October 8, 2019, convicting him of burglary in the second degree and stalking in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 4872; People v Pearsall, 171 AD3d 1096, 1096). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his request for a missing witness charge in relation to the victim's cousin. The proponent of a missing witness charge must demonstrate, among other things, "'that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case'" (People v Smith, 33 NY3d 454, 458-459, quoting People v Gonzalez, 68 NY2d 424, 427). Here, the defendant failed to demonstrate that the victim's cousin was knowledgeable about a material issue in this case (see People v Arcila, 177 AD3d 585, 587). Additionally, the People demonstrated that any testimony that this witness could have provided would have been cumulative (see People v Jones, 184 AD3d 751; People v Anderson, 180 AD3d 923, 925).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court