People v Dixon (2022 NY Slip Op 07447)

People v Dixon

2022 NY Slip Op 07447

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2014-05271
2014-05272

[*1]The People of the State of New York, respondent,
v
Kerbet Dixon, appellant. (Ind. Nos. 498/12, 54/13)

Patricia Pazner, New York, NY (David L. Goodwin and David Fitzmaurice of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Roni C. Piplani of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from two judgments of the Supreme Court, Queens County (Richard L. Buchter, J.), both rendered April 21, 2014, convicting him of course of sexual conduct against a child in the first degree, sexual abuse in the third degree, endangering the welfare of a child, promoting a sexual performance by a child (150 counts), and possessing a sexual performance by a child (150 counts), upon a jury verdict, and course of sexual conduct against a child in the first degree, endangering the welfare of a child, and rape in the third degree (two counts), upon his plea of guilty, under Indictment No. 498/12, and possessing a sexual performance by a child (334 counts) under Indictment No. 54/13, upon a jury verdict, and imposing sentences.
ORDERED that the judgments are affirmed.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to sever counts 1 through 7 from counts 8 through 307 under Indictment No. 498/12, since the nature of the proof for the first set of charges was material and admissible as evidence upon the trial of the second set of charges (see CPL 200.20[2][b]; People v Bongarzone, 69 NY2d 892, 895; People v Smith, 153 AD3d 1288). As the offenses were properly joined in one indictment from the outset pursuant to CPL 200.20(2)(b), the court lacked the statutory authority to sever them (see CPL 200.20[3]; People v Bongarzone, 69 NY2d at 895).
The defendant's contention that the evidence was legally insufficient to support his convictions of course of sexual conduct against a child in the first degree under count 3 of Indictment No. 498/12, and of promoting a sexual performance by a child, is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to those charges (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[1]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to those convictions was not against the weight of the evidence (see People v [*2]Romero, 7 NY3d 633).
Contrary to the defendant's contention, the record demonstrates that his decision to waive his right to counsel and to proceed pro se was unequivocal, knowing, voluntary, and intelligent (see People v Bynum, 171 AD3d 1204). To ascertain that such a waiver is knowing, voluntary, and intelligent, "a court must undertake a searching inquiry designed to insur[e] that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel" (People v Baines, 39 NY3d 1, 2 [internal quotation marks omitted]; see People v Crampe, 17 NY3d 469, 481). There is no "rigid formula" to be applied (People v Arroyo, 98 NY2d 101, 104), and the inquiry "may occur in a nonformalistic, flexible manner" (People v Providence, 2 NY3d 579, 580 [internal quotation marks omitted]; see People v Baines, 39 NY3d at 2).
Here, the Supreme Court conducted the requisite "searching inquiry" (People v Baines, 39 NY3d at 2), including "warn[ing] [the] defendant forcefully that he did not have the training or knowledge to defend himself, that others who had done so had been unsuccessful and that if he insisted upon appearing pro se he would be held to the same standards of procedure as would an attorney" (People v Bynum, 171 AD3d at 1204, quoting People v Vivenzio, 62 NY2d 775, 776).
The defendant's contention that he was subject to multiple punishments for the same offense in violation of double jeopardy principles is unpreserved for appellate review (see CPL 470.05[2]; People v Gonzalez, 99 NY2d 76, 82; People v McDonnell, 201 AD3d 951, 951), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are partially unpreserved for appellate review, and, in any event, without merit.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court