People v Tyme (2023 NY Slip Op 06387)

People v Tyme

2023 NY Slip Op 06387

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2022-03491
 (Ind. No. 1937/18)

[*1]The People of the State of New York, respondent,
v
Devon Tyme, Jr., appellant.

Law Office of Stephen N. Preziosi P.C., New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind Gray and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, J.), rendered November 22, 2021, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court properly denied his motion to sever counts 1 and 2 of the indictment because the nature of the proof for count 1 was material and admissible as evidence of count 2 (see CPL 200.20[2][b]; People v Dixon, 211 AD3d 1030, 1031). As the offenses were properly joined in one indictment from the outset pursuant to CPL 200.20(2)(b), the court lacked the statutory authority to sever them (see id. § 200.20[3]; People v Bongarzone, 69 NY2d 892, 895).
Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress identification testimony. The evidence adduced at the Wade hearing (see United States v Wade, 388 US 218) established that the pretrial identification procedures were not unduly suggestive, as the other persons depicted in the computer-generated photo arrays were sufficiently similar in appearance to the defendant (see People v Allen, 118 AD3d 902, 903; People v Lago, 60 AD3d 784, 784). Moreover, the procedures were "blinded" because, for each procedure administered to the two separate complainants, one detective prepared the computer-generated photo array and a second detective, who was unaware that the defendant was the suspect and unaware of the position of the defendant's photograph in the array, administered the photo array (CPL 60.25[1][c]; see People v Griffin, 203 AD3d 1608, 1613). The defendant's related contention that the People exaggerated the reliability of the identification procedures by stating that they were "double-blind" is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The County Court erred in permitting a police detective to testify that, in his opinion, [*2]the defendant was the person depicted in surveillance video footage. Generally, "lay witnesses must testify only to the facts and not to their opinions and conclusions drawn from the facts," as it is the jury's province "to draw the appropriate inferences arising from the facts" (People v Russell, 165 AD2d 327, 332, affd 79 NY2d 1024). While under the proper circumstances, the court has the discretion to allow a lay witness to express his or her opinion that an individual depicted in a surveillance video is the defendant (see People v Russell, 79 NY2d at 1025), here, there was no basis for concluding that the police detective was more likely than the jury to correctly determine whether the defendant was depicted in the video (see People v Myrick, 135 AD3d 1069, 1074 n 2; People v Coleman, 78 AD3d 457, 458; cf. People v Franzese, 154 AD3d 706, 707). "[T]here was no evidence that [the] defendant had changed his appearance prior to trial, and the record is devoid of any other circumstances suggesting that the jury—which had ample opportunity to view [the] defendant—would be any less able than the detective to determine whether [the] defendant was, in fact, the individual depicted in the video" (People v Myrick, 135 AD3d at 1074 n 2; see People v Coleman, 78 AD3d at 458; cf. People v Russell, 79 NY2d at 1025).
Nevertheless, the error was harmless. The evidence of the defendant's guilt without reference to the error was overwhelming, and, particularly given the limiting instruction provided by the County Court, there was no significant probability that the jury would have acquitted the defendant had it not been for this error (see People v Crimmins, 36 NY2d 230, 241-242). Furthermore, the error did not deprive the defendant of his fundamental right to a fair trial (see id. at 238).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court imposed a harsher sentence as punishment for exercising his right to a jury trial rather than accepting a plea offer is unpreserved for appellate review (see People v Douglas, 200 AD3d 795, 798; People v Mujica, 146 AD3d 902, 903). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations, is not, standing alone, an indication that the defendant was punished for proceeding to trial (see People v Taylor, 210 AD3d 807, 808-809). The record reflects that the court properly discussed the sentence that the defendant could face if he were to proceed to trial, and the tenor of the conversation was informative and not coercive (see People v Robinson, 64 AD3d 1248). There is no indication in the record that the sentence is the result of vindictiveness or retribution for the defendant's refusal to accept a plea offer and the exercise of his right to a jury trial (see People v Perez, 132 AD3d 911, 912).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court