People v Costas (2025 NY Slip Op 01104)

People v Costas

2025 NY Slip Op 01104

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-10362
 (Ind. No. 76/21)

[*1]The People of the State of New York, respondent,
v
Thomas M. Costas, appellant.

Law Office of Danielle Coysh, PLLC, Central Islip, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Karen M. Wilutis, J.), rendered November 30, 2022, convicting him of endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court properly denied his motion to sever count 1 from counts 2 and 3 of the indictment because the nature of the proof for count 1 was material and admissible as evidence of counts 2 and 3 (see CPL 200.20[2][b]; People v Bongarzone, 69 NY2d 892, 895; People v Dixon, 211 AD3d 1030, 1031). As the offenses were properly joined in one indictment from the outset pursuant to CPL 200.20(2)(b), the court lacked the statutory authority to sever them (see People v Bongarzone, 69 NY2d at 895; People v Tyme, 222 AD3d 783, 783).
Further, the County Court properly denied the defendant's request for a missing witness charge with respect to a certain investigating police officer. A party seeking a missing witness charge bears the initial burden of demonstrating "(1) that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, (2) that such witness can be expected to testify favorably to the opposing party, and (3) that such party has failed to call the witness to testify" (People v Gonzalez, 68 NY2d 424, 427; see People v Smith, 33 NY3d 454, 458-459). Here, the defendant failed to demonstrate that the officer was knowledgeable about a material issue in the case (see People v Goldson, 196 AD3d 599, 600; People v Arcila, 177 AD3d 585, 587).
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court